Barnes v. United States Barnes v. United States Yes. Good morning. Good morning, Your Honor. May it please the court, my name is Daryl Fields and I represent Appellant Caleb Barnes. In 2012, Caleb Barnes was found guilty after a jury trial of a 924C count based on using a gun during a crime of violence, which was an attempted Hobbs Act robbery. The 924C conviction is now invalid because attempted Hobbs Act robbery is not a crime of violence. So the question is, the question in this case is whether the district court had jurisdiction to grant Mr. Barnes' second 2255 motion and dismiss the 924C count. I mean, this is pretty much the same setup in Massey, right? Just a different statute. So is it the issue really whether what we did in Massey applies here for a 924C? No, Your Honor. Because Massey was a unique case in which the district court at the time of sentencing in 2005 actually made a decision about which clause applied in that ACCA decision. And that happened because the defendant in that case actually raised an objection to the application of the violent felony provision of ACCA. And he raised it because he raised it in the sense that he argued that that issue had to be submitted to the jury under apprending. The defense counsel in Massey argued that at his 2004 trial, the jury had to make a finding about which provision of ACCA's violent felony statute applied. And Judge Polley said, no, I'm just looking at the statutory elements of the predicate New York robbery convictions, and they're all involved for us. He made that contemporaneously at the time of the sentencing. And a year or so later in the 2255, Massey filed. You seem to be suggesting where there isn't sort of an explicit record reference to the elements clause, that there should be then a presumption that it was both, and therefore you get to make this kind of tandem argument that allows you to rely on Davis. Is that a fair characterization of your point? It's pretty close, Your Honor. I would just add that under Savolka, if the court can make a determination of historical fact about which clause applied at the time of the sentencing, which Judge Massey was able to do back in 2005. Well, Judge Coates thought she was able to do it here, right? No, Judge Coates says she had no recollection. That doesn't mean she couldn't make a determination. She said she couldn't make a determination from her memory, and so she had to look at objective factors in the record. But she didn't say, I can't make a determination. Yes, Your Honor. In Massey, though. May I ask you something else? I'm sorry. But in Massey, they're looking at what's in Judge Polley's head, and that was on the record at the time. Yes, Your Honor. I just wanted to ask you both sides. We have not received a 28-J letter referring to a decision of Judge Codal in the district court just a couple of months ago in December in Lorenzana. I don't know whether counsel on both sides are aware of that decision. Judge Codal- Yes, I'm aware of it, Your Honor. You're aware of it? Yeah, district court. He commented on Judge Codal's decision. He came out the other way from Judge Codal on facts that have a lot of similarities and also some differences. And I would be curious to know from both sides how the reasoning of Judge Codal in Lorenzana- Yes, Your Honor. Relates to this case and whether it should influence our decision. Yes, Your Honor. I'll submit a letter to the court about that. I apologize. But in this case, Judge Codal had no recollection. And as she pointed out, nobody, no counsel, made a challenge to whether or not attempted Hobbs Act robbery was a crime of violence back in 2012. Because it was a crime of violence under both clauses. In 2012. Well, in 2007, the Supreme Court in James held that even a burglary is a crime of violence under the residual clause. So Judge Codal looked at the charge- Yes, Your Honor. And the jury. And the charge gave the elements of robbery as requiring useth or threat of force. Yes, Your Honor. And then the jury found guilt on the attempted Hobbs Act robbery. Yes, Your Honor. And the jury had never been told anything about the residual clause or the line of reasoning that the residual clause espouses. Yes, Your Honor. And then the jury found guilt on the 924C based on having found guilt on the attempted Hobbs Act robbery. That's correct. And Judge Codal's reasoning was the jury never heard anything about the reasoning of the residual clause. There's no reason to think that the finding of guilt was based in any way on the residual clause. It was based on the elements since the jury had been instructed on the elements of robbery. So what's wrong with Judge Codal's reasoning that should lead us to say that it was clear error to make that finding? Because criminal violence is not an element of the Hobbs Act robbery. It's not an element of 1951. It's an element of 924C. But nobody's ever instructed on which clause of 924C. You're saying that there are gaps in her reasoning with respect to the finding that the elements instruction was sufficient to prove this. But your job is to prove that the person was convicted pursuant to an unconstitutional rule. So you have to show that it was pursuant to the residual clause that he was convicted. What's wrong with Judge Codal's reasoning saying she may have made mistakes? There may be something wrong with her reasoning that the elements were a satisfactory reason for it. But where do you get the notion that the conviction was based on the residual clause? Whether something was a crime of violence under 924C has always been a legal question, not a factual question for the jury. The reason Mr. Barnes' 924C is invalid is not because of some charge error. There was no error in the district court's charge in 2012. It's wrong. It's invalid for legal reasons. Because legally- Right, right, but the question is whether it's a constitutional legal problem or a statutory one. And so that's why Savocca and Massey are asking us if the court can figure out whether or not it was the statutory error. I mean, no one's disputing that this would be error today. Yes, Your Honor. But the question is whether or not we can discern from the record that the jury relied on the elements clause, not the residual clause. And so is there anything in the record to suggest that the jury relied on the residual clause in returning a guilty verdict? The jury's never instructed on the residual clause. Right. That's never an issue. It's a legal issue, whether or not it's a crime of violence. The point is that it cut – does that under the Savocca and Massey framework cut against you because there's no evidence to suggest that the residual clause was the basis for the jury's finding? No, because in Savocca – in Massey and Savocca, they're looking for what was in the judge's mind. Judge Polley was in the judge's mind in 2005. It was on the record because the defendant made an argument about it. And in Savocca, the question was what was on Judge Robinson's mind, but Judge Robinson had left the bench. So Judge Bassetti had to look at it. And Judge Bassetti couldn't tell which way one way or another ultimately on that. So here when there is no ability to make a finding of a historical fact, on Savocca you move to point two. You look at the legal background at the time of the conviction and sentence. And in 2012, everything – virtually every crime that was a crime of violence under the – there was a crime of violence under the elements clause was also a crime of violence under the residual clause because the residual clause was much broader. And it kept becoming more broader. In 2009 in Thrower, 583, 5th, 3rd, 70, this court held that grand larceny in the fourth degree was a crime of violence under the residual clause. And that could just be a kickball. Again, again, this is a question of historical fact. So what does that mean? Yes, that's step one. Right. So what does that mean other than that the court is supposed to go back and discern from the factual record which clause was the basis for the conviction? You keep saying, oh, no, that's a legal question. The inquiry is whether or not we can discern from the record what was the basis for the conviction, which cause. That's a factual inquiry, correct? It can be. It has to be because it's a question of historical fact, right? Yes, but Judge Cote wasn't able to make that. Well, if you're saying that Judge Cote got it wrong, obviously then we've got something to talk about. But it seems like you're suggesting that this is not a factual question that you're saying. You're saying it's a legal question. I guess I'm not being clear. 924C is the statute that has the element of crime of violence. Which clause the crime of violence came under in 924C was never charged to the jury, is never charged. It's not in the Sands Instructions. It's not ever charged. What's charged to the jury is that either the count so-and-so is a crime of violence or what happened here, the court said, in order to get to count five, first you have to decide whether the defendant committed a crime count four, the attempted Hobbs Act robbery. The attempted Hobbs Act robbery doesn't have an element of crime of violence. So the jury's never presented with a choice of, well, did the defendant's conduct present a substantial risk the physical force would be used? Or is the statute under which there's a statute in which he's being charged in count four have as an element that you support it? In 924C, jurors were never asked that. Because crime of violence is always a legal question. The juror's only issue here was 1851. Did the defendant commit 1851? And 1851 has no crime of violence element that's never charged. It's a robbery. It's always about force. It has force in it. It took the use of force. Yes, Ron? It seems to me that your argument departs from the point of view that the two causes, the residual and the elements clause, were kind of like a zero-sum game. I don't know if I'm using that correctly. But if it's not correctly one, it's got to be the other. It can only be one or the other, the line of reasoning. And if Judge Cope didn't get it right with respect to her belief that this was based on elements, then it has to be under the residual clause. But it's not true that it has to be one or the other. Correct, Your Honor. No one can reach a conclusion on all kinds of bases, even if she reached a conclusion that it was under the elements clause. But her reasoning was faulty, as it almost necessarily was, because we know now that the conviction couldn't lie. Yes, Your Honor. It has to be the residual clause. But it seems to me that's not the way it works. It's not enough for you to show that there was a problem in her reasoning attributing it to the elements clause. You have to show that it was the residual clause. And I haven't heard anything that seems to support that. Well, in 2012, it was a crime of violence under both clauses. No one ever challenged it. No one ever disputed that. That's why, when the judge instructs the jury on the 9-12 receipt count, the instruction is, did he commit count 4? Did he commit the robbery? And that's what the Sand Instruction just says. That's what they all say, because it was both. It was under both. If we have to show it was exclusively the elements clause, then we lose. Most defendants lose, because it wasn't disputed. And you can't show it was only the elements, because it was both. Hobbs Act robbery has 4. What is there in the historical record that shows that it was the residual clause that the jury was instructed on? Anything? No. There's nothing. It was never challenged, Your Honor. There was no dispute. No, it's not about the challenge. What in the record would suggest that the verdict was based on the residual clause? There's a lot to suggest that the conviction was based on the elements clause, because they were instructed on the elements. But there's nothing in the record that echoes or quotes from the residual clause, right? Right. There's nothing, because that wasn't an issue for the jury. It wasn't a factual issue. If the judge had said at trial something like, well, when you go and attempt a Hobbs Act robbery and you bring guns and stuff like that, there's a high risk that there's going to be use of force and violence and injuries and stuff like that. That would be something that suggests that the court was reasoning along the lines of the residual clause that turned on the risk.  But so far as I'm aware, there was nothing in the record of that sort. There won't be, because in 2012, no one would have made that argument. Before Johnson, nobody disputed whether or not something like this, a robbery, was a crime of violence. It never came up. So why should we find that Judge Cope was wrong in making the logical conclusion that since the jury was instructed on the elements of robbery and having found against the defendant on that necessarily requiring a finding that there was use of force and or threat of force, that was enough to warrant the conviction under the 924C? Because 924C, jurors were never charged on that issue. That was never a factual question, which clause of 924C made the predicate a crime of violence or a violent felony. It was never charged. This was 2012. No one ever thought about that. No one ever disputed it because it's clearly either under the residual clause or under the elements clause. If a burglary or a grand larceny from the person, which can just be a pickpocketing, if that is a crime of violence or a violent felony because it creates a substantial risk of violence, every robbery where a person has property taken from them forcibly against their will or attempted to have that done is going to be a crime of violence under 924C. Thus, in fact, he never was charged as a jury. Massey was an outlier. Massey was in 2005. Defense counsel challenged the act of finding under Apprendi saying that those elements, that defense counsel actually said those elements had to be found by a jury. And Judge Kudlow said, no. I'm looking at the elements, the statutory elements of the New York robberies, and those are violent crimes. So that was an outlier case where the judge specifically said, talked about elements. But two years later in James, the Supreme Court said even a burglary, even a burglary is a crime of violence or a violent felony because of the residual clause. And in Thrower, this court said in 2009, even a pickpocketing is a crime of violence. So certainly a robbery is a crime of violence. Well, you reserve two minutes for rebuttal. Yes, Your Honor. But we had questions. Thank you. So we'll hear now from Mr. Burkett. Am I pronouncing it right, Burkett or Burkett? Burkett is right. Good morning, Your Honors, and may it please the court. My name is Ben Burkett, and I represent the United States in this appeal. I also represented the United States in briefing the Section 2255 motion that is the subject of this appeal below. This court's decision in United States v. Savoca sets forth a framework for assessing successive motions filed under Section 2255 that, like Barnes's, attack convictions under Section 924C predicated on attempted Hobbs Act robbery. Judge Coate dutifully applied the Savoca framework and concluded that Barnes's motion failed at Savoca's first step. What I'd like to do with my remarks this morning is explain why the panel can and should affirm Judge Coate's decision on that basis alone. And then second, I'll devote some time to explaining why there's an alternative basis for affirming Judge Coate's here, and that's that background legal conditions at the time of Barnes's conviction and sentence support Judge Coate's decision. Finally, I'll speak to whether if the panel chooses to examine or needs to examine the extent of Barnes's burden in this context, the court should go with the majority rule that Barnes must show that it's more likely than not that his conviction rested on the unconstitutional residual clause. So beginning with my first point, Judge Coate did not clearly err in concluding as a matter of historical fact that when she sentenced Barnes, she was considering his conviction on count five as one premised on the elements clause and not 924C's residual clause. That decision is entitled to extreme deference in this context. The law in Savoca, both Savoca decisions, notes how manifestly fact-specific in nature this inquiry is and how Judge Coate was permitted to examine a wide range of materials. That mission includes examining the jury charge, as Judge Coate elected to do here. And what she was essentially trying to answer there is if you had asked me at the time of Barnes's conviction or his sentence what I had in mind as to which clause was the one supporting this conviction, where would I have found my understanding of the law at the time? Judge Coate very reasonably said the best reflection of my understanding of the law at the time is going to be in my jury charge. And so that's where she went. She read that jury charge. She concluded that the elements of attempted Hobbes Act robbery, as described there, closely mirrored the elements clause itself. And so, she reasoned, if you'd asked her, she would have said it was the elements clause underpinning her understanding of Barnes's conviction on count five. In that regard, the court need look no further than Massey. And I do think, Your Honor, Judge Sullivan's focus on that case is apt here. The court noted there that there was nothing in the record indicating that it had been the residual clause underpinning the conviction there. I think the same is true in this case. And it's another reason as to why Judge Coate can be affirmed on this first basis alone. If the court determines that that's not the case. What about Judge Kotel's reasoning in Lorenzana? Are you prepared to comment on that? I am aware of Lorenzana. I am prepared to speak to it. It bears a resemblance, in fact, to Judge Kaplan's decision in Savoca itself after the case came back down to him following this court's decision. There, just as in the ultimate Savoca decision from Judge Kaplan, the court reasoned that the jury charge was insufficient for it to conclude what had happened in that case. That's, of course, not the case here. Judge Coate, looking at her own jury charge, said that was enough for her to figure out what she had in mind at the time. But continuing down the path of Judge Kaplan's reasoning there, Judge Kaplan then looked, as Savoca instructs him to do, to background legal conditions at the time. And he said that those, too, were inconclusive. We, of course, stake out a different position here. And that's one that we think is also supported by Judge Coate's decision. Because you'll note in Judge Coate's decision that she cites this court's decision in United States v. Medina from 1994. And that case held, or noted, that attempted robbery was included in the statutory definition of a violent felony for purposes of ACCA. We think that's very instructive as to the state of the law at the time of Barnes' conviction regarding whether an attempted Hobbs Act robbery conviction is a crime of violence for purposes of 924C. The same is true of this court's decision with respect to attempted robbery in the third degree under New York penal law. And those decisions are found in Galicia Delgado and United States v. Brown, which Your Honors Judges Kearse and Lavall were on the panel for. I'll note that in Brown, this court, in announcing that attempted robbery under New York law, qualified as a violent felony under ACCA, specifically cites the definition of attempted Hobbs Act robbery set forth in 18 USC 1951, suggesting that at the time, all considered attempted Hobbs Act robbery to be a traditional crime of violence under an elements clause definition. Now, if the court, like Judge Kaplan in Lorenzano, is unpersuaded that background legal conditions or matters in the record before Judge Coate are sufficient to resolve this appeal, I would direct the court to what I think is an important concession on Barnes' part here. And that's that, assuming that we can't determine as a matter of historical fact what the record before the court shows, the law at the time suggested, according to Barnes this is, that attempted Hobbs Act robbery qualified under both the elements clause and the residual clause. Your Honors, it's our position that that is fatal to Barnes' successive motion, because he is in essence conceding that he must make both a statutory argument and a constitutional one. Well, with all respect, concessions by parties don't make law. I mean, you're saying he said something that's fatal to his case. Well, lawyers sometimes, if you're right, that would have been a mistake to make that concession. He didn't need to make it, but it's the court that decides what the law is, not the parties. We don't reach a conclusion of law based on a party having conceded some fact. That's correct, Your Honor. We would make a finding of law. I'm sorry, we would make a finding as to facts based on a concession, but not as to law. Yes, Your Honor, and perhaps I can address Your Honor's concern with some law. So I'll direct the court's attention to Massey, which says that one cannot bootstrap a statutory claim to a constitutional one. And I'll note that Massey cites DeMott, the First Circuit's decision in this context, and that decision describes the petitioner's burden as needing to show that his conviction rests solely on the unconstitutional clause. If, as Barnes has said, and Judge LaValle, you're certainly correct, Your Honor, that the court would need to conclude as much as well, but if both the elements clause and the residual clause could have supported the conviction at the time, that's insufficient under Massey and under DeMott. I'm a little troubled by that argument. You're saying that if the record had clear indications that the reliance was on the residual clause, talking about risk of violence, it seems to me you're saying if we can conclude that in spite of that, the elements clause would have been sufficient and satisfactory in basing the conclusion, then we can just disregard the clear evidence that the court was, in fact, relying on the residual clause, the unconstitutional. I apologize, Your Honor. Let me reframe my argument. I was speaking to a world where, as Barnes has asked this court to conclude, the factual record is not sufficient to make a determination. I agree with Your Honor's point that if, as we submit here, the factual record is sufficient for the judge to determine what was in her mind or what would have been in her mind at the time, that is sufficient to end this inquiry. But if, as Barnes is arguing to this court, we're in a realm where the law is, or where the record, excuse me, is ambiguous, I would point the court toward Massey and DeMott. Well, right now there's a circuit split as to what is the burden with respect to whether or not the residual clause may have been the basis for the conviction or it's more probable than not that it was the basis for the conviction. We don't need to wade into that if we agree with Judge Cote. It's step one. But it seems to me what you're arguing is that the defendant or the petitioner has the burden of showing that it's exclusively the basis for the conviction. What's the best authority for that? That's right, Your Honor. I see that I've gone over my time. But answering the question, the basis is, A, Massey, which concerns this bootstrapping argument, and, B, DeMott, which Massey cites in advancing that bootstrap argument. You'll see where other circuit courts have framed what the petitioner must show. They have framed it as the petitioner's burden, that is, as showing that the conviction rests solely. That's the precise word used in both DeMott and Fernandez, that the conviction rested on the unconstitutional clause. And so, Your Honor, this is another way in which the court need not resolve the split as to the standard. Whether Barnes is required to show that his conviction may have rested solely on that unconstitutional clause, or whether he's required to show that it's more likely than not that his conviction rested solely on an unconstitutional clause, he cannot do that if the court determines that the law at the time of his conviction showed that his conviction was premised both on the elements clause and the residual clause. But you seem to be defaulting to a legal presumption, which, I mean, again, this is supposed to be historical inquiry, right? That's correct, Your Honor. And it's a bit of a sticky question because the state of the law at the time informs that historical inquiry of fact. But I do believe that's the notion that DeMott stands for, and I think it's supported by this Court's law in Massey. Thank you. All right. Thank you, Mr. Burkett. We'll now hear from Mr. Fields for two minutes everybody. Thank you, Your Honor. Massey didn't decide the burden issue. It mentioned DeMott. Massey was decided because the record was clear about what Judge Pauley had decided. It was clear, and that was the basis of Massey. This Court hasn't decided the issue about burden, as the prosecutors say. Massey didn't decide that. Massey was decided solely on the fact that contemporaneously at sentencing, the judge said what clause the judge was relying on. And the judge said it again two years later. And then in denying Massey's 2255, the judge said, yeah, I know I was relying solely on the elements clause because I decided that issue when it came up at the sentencing. And I decided a couple of years ago, I mean a couple of years after that, when it came up in Massey's first 2255. And secondly, the jury instructions won't reflect the 924C element about crime of violence. That's never charged. 1951 is a robbery. It's a robbery statute. The offense in this case is a crime of violence, pistol whipping somebody to try to take away their, to try to get their drugs. And a jury charge on a Hobbs Act robbery, an attempted Hobbs Act robbery, never has a discussion about the crime of violence definition in 924C. And then the courts instructed the jury on 924C. The court never included that, never required the jury to make a determination about which clause of crime of violence. The predicate rested on, I think, the first Barrett decision, Your Honor. I think that, in that decision, I think they proposed, the court, this court proposed that a jury make that finding. But in the second Barrett determination, that was based on the Supreme Court precedent that was rejected. And in 2012, there was never, that issue was never presented to a jury. So a jury instruction would never, would never give you any reflection about which, which element of which clause of 924C. But that really seems to be a criticism of the entire Savoka approach, which might be a valid criticism. But we're kind of stuck with that, aren't we? Yes, it's step one, if it's possible. If you have a case like Massey, Savoka didn't turn out to work out for the government in there. But if you have a case where, that you can decide what was in the judge's mind at the time, then step one applies. But if you can't, you proceed to step two, which is the background issue. And the background in 2012, the residual clause was so broadly defined after the Supreme Court decisions in James and this court's decision, as you can see in Thoreau. Where essentially a pickpocketing can be a crime of violence under the residual clause. In 2012, residual clause was so broad that if he, if he, any robbery, any robbery qualified. And as Judge Cote notes, none of the counsel raised an issue about that at the sentencing in 2012. Because nobody did raise issues about that before Johnson in 2015. I doubt this court ever saw it. I doubt, Your Honor, when you were in the district court, you ever saw that. Even the most competent defense counsel never made these arguments before 2015. In 2012, the residual clause was very broad, and people just assumed all. No, I think we get the point. Yes, Your Honor. So, all right. Thank you. Well, we'll reserve decision. Thank you both. Thank you very much. Thank you. The next case is Shin versus Hardywell. Excuse me just a second. You mentioned that you were going to send us a letter. I know. Talking about the pertinence of- Yes, I know. Can we get one from the government as well? Yes, Your Honor. What, in a week? A week? A week is fine. Thank you. Simultaneous. Okay. As you had in mind, Judge LaValle. Yeah, all right. Thank you. So a week from today would be the 20th. Thank you. I will. Excellent. Thank you.